[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-15195
Non-Argument Calendar

————————————————

D.C. Docket No. 1:14-cr-00435-SCJ-JSA-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAQUITTA S. BRACKINS,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(September 26, 2017)

Before TJOFLAT, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Laquitta S. Brackins appeals her 87-month sentence, which fell at the low

end of the Guidelines range. After being indicted by a grand jury, Brackins pled

guilty to fifteen counts: one count of conspiracy under 18 U.S.C. § 1349, eight counts of mail fraud under 18 U.S.C. § 1341, and six counts of wire fraud under 18 U.S.C. § 1343. The convictions stemmed from a scheme in which Brackins, along with others, conspired to defraud an insurance provider by filing false claims on cell phones, tablets, and other electronic devices. Through this scheme, Brackins managed to obtain more than 100 electronic devices worth an average of $545.21.

On appeal, Brackins makes three arguments. First, she argues that the District Court erred by applying a sixteen-level increase for economic losses that ranged between $1,500,000 and $3,500,000. U.S.S.G. § 2B1.1(b)(1)(I). Specifically, she argues that the District Court should not have included the deductibles on the fraudulently obtained devices in calculating the total loss. She further contends that the District Court included intended losses that were speculative. Second, Brackins argues that the District Court erred by finding that she was a leader or organizer of the conspiracy, and thus raising her sentencing range by four levels. U.S.S.G. § 3B1.1(a). She alleges that she did not exercise decision-making authority, recruit, lead, or control the other participants. Third, Brackins argues that the District Court erred in applying a two-level sentencing enhancement based on obstruction of justice. U.S.S.G. § 3C1.1. The District Court applied this enhancement after finding that Brackins, and Barnes under her orders, destroyed computers in an attempt to conceal the fraud. Brackins argues that the

2

District Court based this finding on the testimony of Amanda Barnes, a co-conspirator who Brackins contends did not provide credible testimony.

## I.

We review the district court's loss calculation for clear error. *United States v. Barrington*, 648 F.3d 1178, 1197 (11th Cir. 2011) (citations omitted). Under clear error review, if the evidence supports two permissible viewpoints, the factfinder's choice between them stands. *Id.* at 945. However, where the reviewing court has a "definite and firm" conviction that a mistake has been made, the factual finding is clearly erroneous. *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009) (quotations omitted) (quotation omitted).

A sentencing judge must only make "a reasonable estimate of the loss, given the available information." *Barrington*, 648 F.3d 1178, 1197 (quotations omitted). District courts stand in a unique position to evaluate the evidence relevant to a loss determination, which entitles their determinations to deference. *United States v. Bradley*, 644 F.3d 1213, 1290 (11th Cir. 2011); U.S.S.G. § 2B1.1, comment., n.2(C). The government must establish reliable and specific facts on a preponderance of the evidence. *Bradley*, 644 F.3d at 1290. The district court, in turn, may make factual findings related to the loss determination based on evidence heard during trial, undisputed statements in the presentence investigation report, or evidence presented during the sentencing hearing. *Id.* However, courts cannot

"speculate about the existence of a fact that would result in a higher sentence." *Barrington*, 648 F.3d at 1197 (quotation omitted).

For fraud, the Guidelines authorize a sixteen-level increase to the base offense level if the economic loss from the offense falls between $1,500,000 and $3,500,000. U.S.S.G. § 2B1.1(b)(I). To calculate loss, courts may use the intended loss if the intended loss is greater than the actual loss. *Id.* § 2B1.1, comment., n.3(A). Actual loss represents the "reasonably foreseeable pecuniary harm that resulted from the offense." *Id.* § 2B1.1, comment., n.3(A)(i). Intended loss means the "pecuniary harm that was intended to result from the offense." *Id.* § 2B1.1, comment., n.3(A)(ii). It includes "pecuniary harm that would have been impossible or unlikely to occur." *Id.* For fraud offenses, we have held that district courts may base sentencing on intended loss even where no actual loss occurred. *See United States v. Menichino*, 989 F.2d 438, 442 (11th Cir. 1993).

Here, the District Court did not clearly error in determining that the loss from the fraud exceeded $1,500,000. Because the amount of intended loss exceeded the actual loss, the District Court properly based the loss amount on the larger of the two: the intended loss. In this respect, the Government presented specific, reasonable estimates of the intended loss amounts. *See* U.S.S.G. § 2B1.1, comment., n.3(A); *Barrington*, 648 F.3d at 1197; *Bradley*, 644 F.3d at 1290. Moreover, the record shows that the District Court did not include deductibles in

4

the economic losses attributable to Verizon Wireless. Since Verizon required

recipients to pay the deductible at delivery, the District Court properly inferred that

Brackins must have paid these deductibles. However, the District Court included

the deductibles in calculating the economic losses to AT&T. The Government

presented evidence that AT&T charges the deductibles on the service bill

following delivery of a device. In a sampling of AT&T claims, the Government

showed that Brackins never paid these deductibles. Therefore, the District Court

reasonably inferred that Brackins did not pay deductibles for the AT&T claims.

The District Court thus reasonably included the AT&T deductibles in the loss

amount. Thus, since the intended loss exceeded the actual loss and the District

Court made reasonable findings as to the deductibles, the District Court did not

clearly error in applying the sixteen-level enhancement.

## II.

When determining whether a leadership or recruitment enhancement was

warranted, we review the district court's determination on the defendant's role for

clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 936–37 (11th Cir.

1999) (*en banc*). The government carries the burden of proof on a preponderance

of the evidence. *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003).

Under U.S.S.G. § 3B1.1(a), a four-level enhancement applies if (1) the

defendant organized or led a criminal activity and (2) the criminal activity involved

five or more participants or was otherwise extensive. In assessing a defendant's role, courts should consider the following factors: (1) "the exercise of decision making authority," (2) "the nature of participation in the commission of the offense," (3) "the recruitment of accomplices," (4) "the claimed right to a larger share of the fruits of the crime," (5) "the degree of participation in planning or organizing the offense," (6) "the nature and scope of the illegal activity," and (7) "the degree of control and authority exercised over others." *Id.* § 3B1.1, comment., n.4. These factors represent "considerations for the sentencing judge," and a district judge need not find each factor present. *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009) (quotation omitted).

In addition, the defendant need not be the "sole leader or kingpin of the conspiracy" to be considered an organizer or leader. *United States v. Rendon*, 354 F.3d 1320, 1332 (11th Cir. 2003) (quotation omitted); *see* U.S.S.G. § 3B1.1 comment., n.4 ("There can . . . be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy."). The leadership enhancement in § 3B1.1(a) applies even if the defendant led or organized only one person. *Yeager*, 331 F.3d at 1226–27. Evidence that the defendant recruited and instructed participants in the conspiracy suffices for a leadership enhancement. *United States v. Carabello*, 595 F.3d 1214, 1231 (11th Cir. 2010).

The task of determining witness credibility typically falls to the fact finder. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). This flows from the reasoning that the "fact finder personally observes the testimony," and thus inhabits a superior position to assess credibility. Therefore, we defer to the district court's credibility determinations, unless the evidence defies "the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *Id.* (quotation omitted).

Here, the District Court did not clearly err in determining that a four-level enhancement was warranted. The District Court determined that Amanda Barnes, a participant in the scheme, provided credible testimony that Brackins recruited individuals into the scheme and ordered individuals to create false affidavits, email accounts, and fake cell phone bills. *See* Doc. 152-106, at 116. This determination neither contradicts the laws of nature, nor is so inconsistent or improbable on its face that no reasonable factfinder could accept it. *See Ramirez-Chilel*, 289 F.3d at 749. Barnes's testimony and other evidence also established the following: the scheme included five or more participants, Brackins recruited accomplices and exercised control over them, and Brackins enjoyed a large share of the illicit gains from the conspiracy. *See* U.S.S.G. § 3B1.1, comment., n.4. Thus, the District Court did not commit clear error in applying an enhancement for leadership and organization.

III.

In reviewing an obstruction of justice enhancement, we review the district court's factual findings for clear error. *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011) (quotations omitted). However, the application of the factual findings to the Guidelines is reviewed *de novo*. *Id.*

The Guidelines provide a two-level sentence enhancement where the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the offense of conviction. U.S.S.G. § 3C1.1. The enhancement applies when a defendant destroyed or concealed, or directed another person to destroy or conceal, evidence that is material to an official investigation or judicial proceeding, or attempted to do so. *Id.* § 3C1.1, comment., n.4(D).

Here, the District Court did not clearly err by enhancing Brackin's sentence for obstruction of justice. The evidence supports that she destroyed two hard drives in an attempt to conceal the fraud. She also directed Barnes to erase data from her laptop for similar purposes. While the evidence relies almost on Barnes's testimony at the sentencing hearing, the District Court found that testimony credible. We will not disturb that finding.

**AFFIRMED.**

8